1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

DONG OK K.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No. C20-5791 RAJ

**ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS**

8
9
10
11
12
13

Plaintiff seeks review of the denial of his applications for Supplemental Security

14

Income and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by (1)

15

rejecting Plaintiff's symptom testimony, (2) rejecting the opinions of examining

16

psychologist Daniel Pratt, Psy.D., (3) rejecting the opinions of treating mental health

17

counselor Hanna Choi, M.A., and (4) failed to properly evaluate the opinions of non-

18

examining doctors Renee Eisenhauer, Ph.D., and Aaron Burdge, Ph.D.  Dkt. 15, pp. 1–2.

19

As discussed below, the Court **REVERSES** the Commissioner's final decision and

20

**REMANDS** the matter for further administrative proceedings under sentence four of 42

21

U.S.C. § 405(g).

22
23

**BACKGROUND**

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

Plaintiff is 60 years old, is not able to communicate in English, and has worked as a cashier and construction worker.  Admin. Record ("AR") (Dkt. 13) 34, 80.  On August 10, 2017, Plaintiff applied for benefits, alleging disability as of March 15, 2016.  AR 76–77, 225–38.  Plaintiff's applications were denied initially and on reconsideration.  AR 74–119.

ALJ David Johnson conducted a hearing on May 23, 2019, after which he issued a decision finding Plaintiff not disabled.  AR 23–36, 42–73.  In relevant part, ALJ Johnson found Plaintiff had severe impairments of agoraphobia, hypertension, insomnia, restless leg syndrome, sleep apnea, anxiety disorder, and major depressive disorder.  AR 25.  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform work that does not require balancing, climbing of ladders, ropes, or scaffolds, or exposure to hazards.  AR 28.  Plaintiff could perform work that involves simple, routine tasks, and occasional adaptation to changes in the work setting or work processes.  *Id.*  Plaintiff could perform work that does not require more than occasional, superficial interaction with coworkers or the general public, and is performed where the general public is typically not present.  *Id.*

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 9–11.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

in the record as a whole.  *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

## A.    Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred by rejecting his testimony regarding the severity of his symptoms as inconsistent with Plaintiff's daily activities.  Dkt. 15, pp. 2–4. Plaintiff testified through an interpreter that he has difficulty driving, completing tasks, and focusing because of headaches, dizziness, and anxiety.  AR 49, 55, 61, 278, 284.  He testified he is not able to work with other people because he gets anxious.  AR 55, 278, 284.  He testified he had to take breaks when working because he would get dizzy.  AR 56–57.  Plaintiff testified he spends most of his time alone in his room.  AR 59–60, 279, 281–82.  He testified he needs reminders for appointments.  AR 62, 280.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged."  *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014).  At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; he does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged. *Id.*  The ALJ found Plaintiff met this step.  AR 28.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1    reasons for doing so.  This is not an easy requirement to meet."  *Garrison*, 759 F.3d at

2    1014–15.

3            Plaintiff has failed to show the ALJ harmfully erred in rejecting his symptom

4    testimony.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v.*

5    *Sanders*, 556 U.S. 396, 407–09 (2009)) (holding that the party challenging an

6    administrative decision bears the burden of proving harmful error).  Plaintiff argues the

7    ALJ erred in rejecting his testimony as inconsistent with his daily activities, but ignores

8    that the ALJ also rejected Plaintiff's testimony as inconsistent with the medical record,

9    and undermined by inconsistent statements.  *See* AR 29–30.  "Contradiction with the

10   medical record is a sufficient basis for rejecting the claimant's subjective testimony."

11   *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing

12   *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  Inconsistent statements from a

13   claimant may also be considered in evaluating his testimony.  *See Tonapetyan v. Halter*,

14   242 F3d 1144, 1148 (9th Cir. 2001).  Because Plaintiff's counsel failed to challenge the

15   ALJ's rejection of Plaintiff's testimony on either of these bases, Plaintiff has waived any

16   argument that the ALJ erred in doing so.  *See Carmickle*, 533 F.3d at 1161 n.2.  As a

17   result, any error the ALJ may have committed in rejecting Plaintiff's testimony as

18   inconsistent with his daily activities is harmless.  "[A]n error is harmless so long as there

19   remains substantial evidence supporting the ALJ's decision and the error 'does not negate

20   the validity of the ALJ's ultimate conclusion.'"  *Molina v. Astrue*, 674 F.3d 1104, 1115

21   (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

Cir. 2004)).

**B.      Dr. Pratt's Opinions**

Plaintiff contends the ALJ erred by rejecting Dr. Pratt's opinions.  Dkt. 15, pp. 4–7.  Dr. Pratt examined Plaintiff in July 2017.  AR 338–42.  Dr. Pratt opined had marked limitations in his ability to perform many basic work activities, including his ability to understand, remember, and persist in tasks by following detailed instructions, adapt to changes in a routine work setting, and communicate effectively in a work setting.  *See* AR 340.

The ALJ found Dr. Pratt's opinions unpersuasive.  AR 33.  Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor.  *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).  Dr. Pratt's opinions are contradicted by the opinions of Charles Regets, Ph.D., so the specific and legitimate standard applies unless the Commissioner's new regulations change this standard.  *See* AR 82–84.

The Commissioner argues new regulations promulgated in 2017 change the standard by which the ALJ's reasons for rejecting medical providers' opinions are measured.  *See* Dkt. 16, pp. 7–9.  The Commissioner's argument is twofold.  First, the Commissioner argues the new regulations eliminate a hierarchy among medical opinions, superseding any priority the Ninth Circuit's current standards were based upon.  Second, the Commissioner argues the new regulations no longer require an ALJ to reject an

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

1  opinion at all, but instead require an ALJ to merely state how persuasive he or she found

2  an opinion.

3       The genesis of the "specific and legitimate" standard for contradicted opinions

4  was the Ninth Circuit's decision in *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983). In

5  *Murray*, the ALJ rejected the opinions of a treating doctor in favor of the opinions of an

6  examining doctor. *See id.* at 501. The Ninth Circuit reviewed precedent from other

7  circuits and determined an ALJ must ordinarily give more weight to the opinions of a

8  treating doctor because that doctor is "'employed to cure'" the claimant and has a

9  "'greater opportunity to observe and know the patient as an individual.'" *Id.* at 502

10  (quoting *Bowman v. Heckler*, 706 F.2d 564, 568 (5th Cir. 1983)). Thus, "[i]f the ALJ

11  wishes to disregard the opinion of the treating physician, he or she must make findings

12  setting forth specific, legitimate reasons for doing so that are based on substantial

13  evidence in the record." *Murray*, 799 F.2d at 502. The Ninth Circuit made no reference

14  to regulations promulgated by the Social Security Administration regarding treatment of

15  medical opinions in reaching its conclusion. *See id.*

16

17       In 1991, the Commissioner promulgated regulations setting forth standards for

18  reviewing medical opinions. 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).

19  Those regulations established a hierarchy mirroring the one set out by the Ninth Circuit,

20  in which treating sources are given more weight than non-treating sources, and

21  examining sources are given more weight than non-examining sources. *See id.* at

22  *36935–36; 20 C.F.R. §§ 404.1527(c), 416.927(c). The Ninth Circuit mentioned these

23

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

1   regulations in its 1995 opinion in *Lester*, and continued to rely on the "clear and

2   convincing" and "specific and legitimate" standards. *See Lester*, 81 F.3d at 830–31.

3       In 2017, the Commissioner revised its regulations to eliminate the hierarchy of

4   medical opinions. *See* Revisions to Rules Regarding the Evaluation of Medical

5   Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the new

6   regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer

7   or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those

8   from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The

9   Commissioner's new regulations still require the ALJ to explain his or her reasoning, and

10  to specifically address how he or she considered the supportability and consistency of the

11  opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

12      The Ninth Circuit has not yet considered whether the 2017 regulations will cause

13  it to reevaluate the standard set forth in *Murray* for review of medical opinions. This

14  Court is bound by precedent of the Ninth Circuit and may not overrule a decision from

15  that court. *See In re Albert-Sheridan*, 960 F.3d 1188, 1192–93 (9th Cir. 2020); *Hart v.*

16  *Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Kimble v. Marvel Entm't, LLC*,

17  576 U.S. 446, 455 (2015) ("Overruling precedent is never a small matter.").

18      The new regulations do not clearly supersede the "specific and legitimate"

19  standard. That standard is not an articulation of how ALJs must weigh or evaluate

20  opinions, but rather a standard by which the Court evaluates whether the ALJ has

21  reasonably articulated his or her consideration of the evidence. Whatever factors the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

Commissioner considers in evaluating a medical opinion, the ALJ must explain his or her reasoning to allow for meaningful judicial review, and the Ninth Circuit's "specific and legitimate" standard is merely a benchmark against which the Court evaluates that reasoning.

The Commissioner next argues the standards from *Murray* no longer apply because ALJs "ha[ve] no obligation to accept, reject, or even give any specific evidentiary weight to a medical opinion," but must articulate only how "persuasive" the opinion is.  Dkt. 16, p. 9.  This argument lacks merit.  Even under the Commissioner's new regulations, the ALJ must articulate why he or she has rejected the opinion.  *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b).  If an ALJ finds an opinion "unpersuasive," and does not account for it in a claimant's RFC, the ALJ has rejected that opinion.

Turning to Dr. Pratt's opinions, the ALJ erred in rejecting those opinions as inconsistent with Dr. Pratt's own exam findings.  *See* AR 33.  An ALJ may not reject evidence based on an inaccurate portrayal of the record.  *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record").  The ALJ found that "apart from a [sic] poor eye contact, examinations at Dr. Pratt's evaluation were within normal limits."  AR 33.  But Dr. Pratt also observed restless mannerisms and agitation, and constricted, tense affect, congruent with Plaintiff's mood and speech content.  *See* AR 339, 341.  These are not normal findings, and the ALJ erred in summarizing them as such to support his rejection of Dr. Pratt's opinions.

The ALJ further erred in rejecting Dr. Pratt's opinions as inconsistent with the overall medical record. *See* AR 33. An ALJ "cannot simply pick out a few isolated instances" of medical health that support his conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of her symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). Although treatment records documented some normal findings, such as normal judgment and insight, multiple records documented constricted or tense affect, anxiety on presentation, and moderate to severe depression. *See* AR 360, 366, 373, 379, 382–83, 385, 390–91, 395, 397–98, 404–06, 417–18, 425–26, 462, 476, 485, 489, 503–04, 509–10, 514–15, 517–19, 522, 529–30. Similarly, the ALJ's finding that Plaintiff improved with treatment is belied by the overall record, which shows continued symptoms. *See id.* The ALJ's finding that Dr. Pratt's opinions were inconsistent with the medical evidence is thus not supported by substantial evidence.

The ALJ also erred in rejecting Dr. Pratt's opinions as inconsistent with Plaintiff's activities of daily living. The ALJ earlier noted Plaintiff was "able to play pool, go to the library, engage in self-care, prepare simple meals, clean, do laundry and shop for groceries with his ex-wife." AR 29. But claimants "do[] not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The activities the ALJ identified do not clearly require the kind of persistence in tasks by following detailed instructions, adaptation, or communication that full-time work involves, nor did the ALJ

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9

expressly draw any such connections.  The ALJ thus failed to present any valid reasons

for rejecting Dr. Pratt's opinions, and harmfully erred.

### C.    Ms. Choi's Opinions

Plaintiff argues the ALJ erred in rejecting Ms. Choi's opinions.  Dkt. 15, pp. 7–8.

Ms. Choi was plaintiff's treating counselor.  *See* AR 445–96, 526–33.  Ms. Choi

completed a questionnaire from Plaintiff's counsel in November 2018.  *See* AR 500–01.

Ms. Choi responded "yes" when asked whether Plaintiff "suffer[s] from symptoms that

would interfere with his ability to maintain concentration, persistence and pace for up to

2 hours continuously at even a job with simple routine tasks and only occasional,

superficial interaction with others."  AR 500.  Ms. Choi explained Plaintiff "easily feels

dizzy [and] anxious" even with simple tasks.  *Id.*  Ms. Choi responded "yes" when asked

whether Plaintiff "suffer[s] from symptoms that would interfere with his ability to

perform activities within a schedule, maintain regular attendance, and be punctual within

customary tolerances."  AR 501.  Ms. Choi stated the symptoms that caused this were

sleep issues, anxiety, depression, and low stress tolerance.  *Id.*  She opined Plaintiff feels

severely anxious and dizzy two to three times per day.  *Id.*

The ALJ found Ms. Choi's opinions unpersuasive.  AR 31.  Ms. Choi is a medical

source, but is not considered an acceptable medical source under Social Security

regulations.  *See* 20 C.F.R. §§ 404.1502(a), (i), 416.902(a), (i).  To reject the opinions of

a medical source like Ms. Choi, the ALJ was required to give "germane reasons" for

doing so.  *See Molina*, 674 F.3d at 1111.  The ALJ failed to do so.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

The ALJ erred in rejecting Ms. Choi's opinions as inconsistent with the overall medical evidence.  *See* AR 31.  Although the ALJ noted evidence undermining findings of dizziness, the ALJ failed to reasonably address the multiple records documenting symptoms such as anxiety and moderate to severe depression.  *See, e.g.*, AR 360, 397–98, 462, 476, 485, 489, 491–92.

The ALJ also erred in rejecting Ms. Choi's opinions as too heavily based on Plaintiff's subjective complaints.  *See* AR 31.  First, mental health evaluations must depend on measures that may be considered subjective in other contexts, such as the patient's self-reports, because "'unlike a broken arm, a mind cannot be x-rayed.'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)).  "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck*, 869 F.3d at 1049.

Second, Ms. Choi's records contain a mental status exam and several psychological tests.  *See* AR 462, 476, 485, 489, 491–92.  The ALJ failed to address these records, and thus erred in rejecting Ms. Choi's opinions as too heavily based on Plaintiff's self-reports.  As a result, the ALJ failed to provide valid reasons for rejecting Ms. Choi's opinions, and harmfully erred.

### D.       Dr. Eisenhauer's and Dr. Burdge's Opinions

Plaintiff argues the ALJ erred in his evaluation of opinions from Dr. Eisenhauer and Dr. Burdge.  Dkt. 15, pp. 8–9.  Plaintiff first argues the ALJ's decision is confusing

because Dr. Eisenhauer did not assess mental limitations, so it was unclear what of her

opinions the ALJ found persuasive when formulating the RFC.  *See* Dkt. 15, p. 8.

Dr. Eisenhauer reviewed records during reconsideration of Plaintiff's claims.  *See*

AR 105–08, 115–18.  Dr. Eisenhauer opined there was insufficient evidence to make a

determination regarding mental disorders and limitations.  AR 106.

The ALJ found Dr. Eisenhauer's opinions "somewhat persuasive."  AR 32.  The

ALJ noted Dr. Eisenhauer's opinions were consistent with the medical evidence, but

nonetheless assessed mental limitations.  AR 32–33.

The Court need not address whether the ALJ erred here because the ALJ erred in

addressing other medical evidence, and will thus need to reevaluate Plaintiff's RFC.  *See*

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040–41 (9th Cir. 2007) (holding the ALJ's RFC

assessment and step five determination were not supported by substantial evidence where

RFC and hypotheticals to vocational expert failed to include all of the claimant's

impairments).

Plaintiff next argues the ALJ erred in rejecting Dr. Burdge's opinions.  Dkt. 15, p.

9.  Dr. Burdge reviewed Dr. Pratt's report.  *See* AR 343.  Dr. Burdge agreed with all of

Dr. Pratt's assessed limitations, finding Plaintiff was markedly limited multiple areas of

work-related abilities.  *See* AR 345.

The ALJ found Dr. Burdge's opinions unpersuasive.  AR 33.  "The Commissioner

may reject the opinion of a non-examining physician by reference to specific evidence in

the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citations

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 12

omitted).

The ALJ erred in rejecting Dr. Burdge's opinions for being based on Dr. Pratt's opinions. *See* AR 33. As discussed above, the ALJ erred in rejecting Dr. Pratt's opinions, so the ALJ's determination that Dr. Burdge's opinions were unpersuasive for being based on Dr. Pratt's opinions lacked substantial evidentiary support. *See supra* Part B.

The ALJ next erred in rejecting Dr. Burdge's opinions based on the finding that Dr. Burdge made his assessment as part of a state-level disability evaluation, which applied a different set of rules and regulations. *See* AR 33. An ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion. *Garrison*, 759 F.3d at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). The ALJ failed to identify any specific or relevant differences between the rules under which Dr. Burdge made his assessment and the rules under which the ALJ was assessing disability. *See* AR 33. The ALJ's reasoning here thus lacked substantial evidentiary support.

The ALJ's last two reasons for rejecting Dr. Burdge's opinions—inconsistency with the medical evidence and Plaintiff's daily activities—mirror his reasons for rejecting Dr. Pratt's opinions. *See* AR 33. These reasons fail with respect to Dr. Burdge's opinions for the same reasons they fail with respect to Dr. Pratt's opinions. *See supra* Part B. The ALJ therefore failed to provide valid reasons for rejecting Dr. Burdge's opinions, and harmfully erred.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13

**E.      Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *See* Dkt. 15, p. 9.  Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings.  *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)).  Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances.  The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Dr. Pratt's, Ms. Choi's, Dr. Eisenhauer's, and Dr. Burdge's opinions.  The ALJ shall reassess Plaintiff's RFC, and all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of  April, 2021.


The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 14